Opinion of the court by
Mr. Justice Teottee :
In support of the decision of the court below, the counsel for the defendant in error relies upon the decision made by this court, at a former term, in the case of Michie v. The Planters' Bank. But that case was determined upon grounds widely different from those involved in the present. The execution of the bank was held to be dormant as against Michie on account of the express agreement of the former, to stay the execution, then in the sheriff’s hands, until the next term of the court, and the promise of a like stay for the succeeding six months. The court held the lien of a judgment creditor under the act of 1824, to be a security merely, which it was his duty to pursue with diligence and in good faith. That it could not be delayed or suspended to the prejudice of other creditors, nor be permitted to wrest from them the fruits of their vigilance and activity. That case went on the ground that the conduct of the bank was a fraud in law upon the rights of Michie. That their lien was consequently postponed as to his, and that the money raised on his execution should not be applied to them. But no such agreement or delay is shown in the present case. For it is shown by the written agreement of the parties which accompanies the record, that the plaintiffs pursued their remedy with the ordinary diligence, by taking oirt their executions at each term of the court, from the time of obtaining their judgments^ until the levy and sale were made, under which they claim the money. Both executions were in the hands of the sheriff at the time of the sale, but it appears that he sold under those of the plaintiff’ in error. The case of Smith and Pickett v. Ship, 1 How. 237, lays down the true rule, as we conceive, that when money is levied under several executions, those are entitled to be first satisfied which issue upon the elder judgments. The cases of Biggam v. Merrit, Walker’s Rep. 430, and of Lynn v. Gridley, Ibid 547, are authorities for the sanie proposition.
The judgment must, therefore, be reversed, and judgment rendered here, that the money be applied to the satisfaction of the judgments of the plaintiffs in error.